PIERRE LANDREAUX *v.* A. M. FOLEY.

The presumption which has been applied for the purpose of quieting titles in the interest of parties in possession under a Sheriff's sale for a long period of time, that the formalities for effecting the sale had been complied with, will not be applied for the purpose of disturbing possession.

A Sheriff's sale is radically null, where the land conveyed by the Sheriff does not correspond with the order of seizure either in quantity or boundary.

APPEAL from the District Court of the parish of Assumption, *Roman,* J. *Johnson & Davis*, for plaintiff and appellant. *Beatty & Bush*, for defendant.

BUCHANAN, J. The plaintiff claims a tract of land under a purchase made at Sheriff's sale on the 12th October, 1812. This sale was never followed by possession; and the present action is brought against the party in possession, on the 7th June, 1854, or forty-two years after the Sheriff's sale. The District Judge, proceeding upon the doctrine which is elementary in the petitory action that plaintiff must succeed by the strength of his own title and not by the

LANDREAUX
*v.*
FOLEY.

weakness of that of his adversary, has rejected the plaintiff's demand for a nullity apparent upon the face of the Sheriff's deed, which is the basis of his title.

That Sheriff's deed commences by a recital, that an order of seizure had been directed to the Sheriff, against a moiety of three acres and a half of land more or less front, with the depth of forty, situate on the Bayou Lafourche, bounded on the upper side by the land of the *Widow Gautreau*, and on the lower by the land of *Ambrose Garidel*, the property of *John Foley*, at the suit of *Jacob Trimble & Co.*; and, that by virtue of such order of seizure, he, the Sheriff, had seized all that certain piece or parcel of land of one arpent and three-fourths in front, with forty in depth, bounded below by the land of the said *Ambrose Garidel;* and, that, having exposed the same to public sale according to law, *Pierre Aucoin* became the purchaser thereof, &c. The deed then proceeds to convey to the purchaser "all the above described parcel of land, and all the right, title, interest or demand which the said *John Foley*, on the 17th January, 1812, as at any time since, had in or to the said land," &c.

The record of the suit of *Jacob Trimble & Co.* v. *John Foley*, including the writ of seizure and sale issued therein, and the return of said writ, seems to have been destroyed with all other records of the Supreme Court of the Territory of Orleans for the parish of Assumption, in a fire which consumed the court-house of said parish, in the year 1846. But the plaintiff has given in evidence the mortgage, by authentic act before the Parish Judge, of *John Foley* to *Jacob Trimble & Co.*, upon which the said suit and writ were grounded. The description in that act of the land mortgaged corresponds with the recital of the writ of seizure contained in the Sheriff's deed, that is to say, "the un-divided" moiety of two tracts of land held in common with *John Hutchinson*, containing the one tract, three acres and a half more or less, situated on and fronting the Bayou Lafourche, with the depth of forty acres, and on the right hand side thereof, and bounded on the upper side by the land of the *Widow Maria Gautreau*, and on the lower side by that of *Ambrose Garidel*," &c.

As the District Judge observes, the land conveyed by the Sheriff, in no respect corresponds with the order of seizure, neither in quantity, (being one and three-quarters *arpents*, instead of an undivided moiety of three and a half *acres;*) nor in boundary. On the face of the deed itself there appears, therefore a radical nullity. The Sheriff has not sold that which he was commanded to sell. And the mortgage in execution of which the writ of seizure was issued, further informs us who was the owner of the other undivided moiety of the property mortgaged, to wit; *John Hutchinson.* Supposing even, that one and three-quarters arpents were the exact half of three and a half acres, (which is not the fact,) what authority had the Sheriff to make a partition of this land between *Foley* and *Hutchinson,* and to assign the half adjoining *Garidel* to *Foley,* and the half adjoining the *Widow Gautreau* to *Hutchinson?* But if we deny to him such authority, which we must necessarily do, the conveyance is inconsistent and contradicts itself. For, as we have seen, the Sheriff conveys to the purchaser 1st, all the above described parcel of land — that is to say—one arpent and three-fourths in front by forty in depth, entire : 2d, all the right, title and interest of *John Foley* in the said land—that is to say—one undivided moiety of the same.

The cases of *Brosnaham* v. *Turner* and *Fink* v. *Lallande*, reported in 16th La., upon which the plaintiff relies, have no application to the present case.

In those cases this court decided, that in the interest of parties in possession under a Sheriff's sale more than twenty years old, and for the purpose of quieting titles, it would be presumed that all the requisite formalities for effecting such sale had been complied with. The same presumption is not understood to have been applied for the purpose of disturbing possession. But the essential feature in which this case differs from *Brosnaham* v. *Turner* and *Fink* v. *Lallande*, is, that it is not here a question of a compliance with legal formalities for divesting title by forced sale, but of a sale of one thing under color of an order to sell another thing totally different : and this is not matter of presumption, as in the cases cited, but of direct proof furnished by the party claiming under the Sheriff's sale.

Judgment affirmed, with costs.